IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MIRIAM ANJIA OSORIO | ) CIVIL DIVISION |
| --- | --- |
| Plaintiff, | ) No: 2:16-cv-00149 |
| v. | ) District Judge David S. Cercone |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| ROBERT PACKER GUTHRIE HOSPITAL, SALLY BENNETT, and BONNIE ONOFRE | ) |
| | ) ECF No. 15 |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Robert Packer Guthrie Hospital, Sally Bennett, and Bonnie Onofre at ECF No. 15 be granted.

## II. REPORT

### A. Facts

Plaintiff Miriam Anjia Osorio ("Plaintiff") is a former employee of Defendant Robert Packer Guthrie Hospital ("RPGH"), a private hospital. (Amended Complaint, ECF No. 3, at 5-6). The other named defendants, Sally Bennett ("Bennett") and Bonnie Onofre ("Onofre") are both employees of the hospital; Bennett is the Nurse Educator and Onofre is the Chief Nursing Officer. (ECF No. 3, at 2-3).

1

Plaintiff filed a complaint in the Western District of Pennsylvania on February 10, 2016 and amended her complaint on February 19, 2016. Presently before the Court is Defendants' Motion to Dismiss for Failure to State a Claim filed in response. Plaintiff responded to the Motion to Dismiss on May 25, 2016 (ECF No. 25) and on June 1, 2016 Defendants filed another Reply Brief in Support of Motion to Dismiss (ECF No. 28).

Plaintiff, a black African woman, avers that she was discriminated against and that her private employer ultimately terminated her because of her speech, race, and ethnicity, in violation of the First Amendment and Title VII of the Civil Rights Act of 1964. (ECF No. 3, at 4). Defendant's Motion to Dismiss correctly challenges Plaintiff's Amended Complaint on grounds that (1) the First Amendment does not apply to private employers; and (2) Plaintiff's Title VII claim is time barred.

B. **Legal Standard**

**Motion to Dismiss Pursuant to Rule 12(b)(6)**

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler [v. UPMC Shadyside*, 578 F.3d [203,][] 213 [(3d Cir. 2009)] (quotation marks

> and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir.2013).

*Thompson v. Real Estate Morg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

**Pro Se Complaints**

Pursuant to Rule 8(a)(2) of the Federal Rule of Civil Procedure, pleadings, and in particular, pro se complaints, are to be liberally construed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the Court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."))  Indeed, a pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C. ANALYSIS**

**1. First Amendment Claim**

Plaintiff alleges in her Complaint that RPGH and its employees violated her First Amendment rights. (ECF No. 3, at 4).  Specifically, Plaintiff asserts that she was fired in part for criticizing her employer and was falsely accused of insubordination. (ECF No. 3, at 5-6).  RPGH correctly observes that Plaintiff's First Amendment claim is improper, because the First Amendment is inapplicable to private entities and their employees. (ECF No. 15, at 3).

As noted by Defendants, the law is clear that a First Amendment claim cannot be raised against a private employer. (ECF No. 15, at 3).  *See Shearin v. Bergen Reg'l Med. Ctr.*, No. 05-

769, 2006 WL 489826, at *1 (D.N.J. Feb 23, 2006) (holding a pro se litigant barred from bringing a claim against his former employer, a medical center, because First Amendment claims against private employers are completely prohibited). *See also Fogarty v. Boles*, 121 F.3d 886, 890 (3d Cir. 1997) ("It must be remembered that the First Amendment applies only to public employers. . . .") None of the Defendants in this case is subject to a First Amendment claim. As a result, Plaintiff fails to state a cause of action and this count should be dismissed.

### 2. Title VII Claim

Plaintiff also claims that RPGH's termination of her employment violated Title VII of the Civil Rights Act of 1964. (ECF No. 3, at 4). Plaintiff alleges that she was discriminated against/subject to disparate treatment and eventually fired by Defendants because of her race and ethnicity. (ECF No. 3, at 6).

In their Motion to Dismiss Defendants assert that Plaintiff's Title VII claim is barred by the statute of limitations. (ECF No. 15, at 3-4). Plaintiff was first required to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(b). Upon notice from the EEOC that it had completed its investigation, Plaintiff had 90 days to file a civil action against the Defendants. 42 U.S.C. § 2000e-5(f)(1). Plaintiff received her Notice of Right to Sue from the EEOC on November 2, 2015. (ECF No. 5-1, at 3). The 90 day statute of limitations period expired on February 1, 2016. Plaintiff however, did not file this action until February 9, 2016, eight (8) days beyond the limitations period. RPGH and its employees allege that because Plaintiff filed her civil action outside of this 90 day window, this count should be dismissed.

Courts are required to enforce statutes of limitations strictly and unless equitable considerations demand otherwise, Courts "cannot extend statutes of limitations by even one day." *Mosel v. Hills Dept. Store*, 789 F.2d 251, 253 (3d Cir. 1986) (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)). *See also Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (holding that as long as a pro se litigant had notice of the availability of his/her right to sue letter, the statute of limitations applied and had to be strictly enforced). As a result, Plaintiff was required to comply with the statute of limitations requirements.

A plaintiff filing outside the limitations period may only proceed by showing an entitlement to equitable tolling of the statute of limitations. Here, Plaintiff neither shows nor alleges facts suggesting an ability to show circumstances sufficient to meet this extremely high bar.

Equitable tolling of a statute of limitations is used only in rare situations where it "is demanded by sound legal principles as well as the interests of justice." *US v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (*quoting Alvarez-Machain v. United States*, 96 F.3d 1246,1251 (9th Cir. 1996)). The Third Circuit has specified three situations where equitable tolling is appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin*, 38 F.3d 1380, 1387 (3d Cir. 1994) (quoting *School District of City of Allentown v. Marshall*, 657 F.2d 16, 19-20 (3d Cir. 1981). Here, Plaintiff makes no assertions that RPGH or its employees misled her or that she timely asserted her rights in an incorrect forum. As a result, to show that the statute of limitations should be equitably tolled,

Plaintiff would need to prove that she was prevented from asserting her rights due to extraordinary circumstances.

Plaintiff cannot demonstrate extraordinary circumstances because she does not provide any reason that she was unable to file her complaint for the entire 90 day limitations period. Plaintiffs who claim that extraordinary circumstances make equitable tolling appropriate are required to use "reasonable diligence" in pursuing their claim and must demonstrate highly unusual conditions, out of their control, that prevented them from filing for the entire limitations period. *See N'Jai v. Floyd*, No. 07-1506, 2009 WL 4823839, at *14 (W.D. Pa. Dec. 9, 2009) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.") A plaintiff who offers unsupported statements about why he was unable to file for *part* of the limitations period has not shown that diligence in pursuing his claim and thus does not meet the standard for equitable tolling. *N'Jai*, 2009 WL 4823839 at *15.

Here, although Plaintiff makes several conclusory statements describing why she was unable to pursue her claim, she does not provide any assertion or evidence as to the entire 90 day limitations period. To the contrary, Plaintiff's possible excuses only cover the time period after November of 2015 through the running of the statute of limitations on February 1, 2016. (Response to Motion to Dismiss, ECF No. 25, at 1). Plaintiff alleges no reason that she was prevented from pursuing her complaint during the month of November in 2015 and as a result equitable tolling is not appropriate. *See Collier v. McVey*, No. 11-1547, 2011 WL 2669089, at *2 (E.D. Pa. July 7, 2011) (holding that equitable tolling is inappropriate where a plaintiff cannot show that health problems made him unable to pursue his legal rights during the entire limitations period).

The Court also observes that Plaintiff's reasons for untimely filing do not reach the level of extraordinary circumstances. Plaintiff cites travel, illness, and family issues as reasons. (ECF No. 25, at 1). Courts have not found these proffered justifications to rise to the level of "extraordinary circumstances", even in cases where they have been better documented.

More specifically, Courts have not considered illness, even when it requires hospitalization, to be an extraordinary circumstance that merits equitable tolling. *See, e.g.*, *US v. Humbert*, No. 04-506-1, 2010 WL 4665960, at *2 (E.D. Pa. Nov. 17, 2010) (holding that difficulties arising from filing as a pro se litigant and numerous hospitalizations during the statute of limitations period were not enough to satisfy the requirement of extraordinary circumstances); *US v. Bronson*, No. 08-1502, 2009 WL 1813177, at *7-8 (W.D. Pa. June 25, 2009) (holding that a plaintiff's sinus infection did not qualify as an extraordinary circumstance, particularly since Plaintiff could not show that it prevented filing a complaint during the entire statutory period); *Boyce v. Ancora State Hosp.*, No. 14-0185, 2015 WL 8780371 (D.N.J. Dec. 15, 2015) (holding that hospitalization and illness did not qualify as extraordinary circumstances).

Additionally, Courts have denied equitable tolling when plaintiffs claimed travel and family issues prevented them from timely filing. *See, e.g.*, *Daniels v. Univ. of Pittsburgh Med. Ctr.*, No. 14-1118, 2015 WL 2341265, at *3-4 (W.D. Pa. May 14, 2015) (holding that Plaintiff's travel due to homelessness was not an extraordinary circumstance that allowed for equitable tolling); *Blakes v. Gruenberg*, No. 14-1652, 2015 WL 9274919, at *7 (E.D. Va. Dec. 18, 2015) ("emergent need to care for a close family member *alone*, does not constitute an extraordinary circumstance to merit equitable tolling.") (emphasis in original); *Ferrer v. Potter*, No. 03-9113, 2005 WL 1022439, at *8 (S.D.N.Y. May 3, 2005) (holding that the death of plaintiff's father was not enough to warrant equitable tolling). Thus, even if Plaintiff alleged extenuating

7

circumstances throughout the applicable 90 day period, which she has not, she would remain unable to bring a cause of action under Title VII because the reasons proffered simply do not meet the standard of "extraordinary circumstances." As a result, Defendants' Motion to Dismiss Plaintiff's Title VII claim should be granted.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendants RPGH, Bennett, and Onofre at ECF No. 15 be granted. After a careful reading of the averments of the Complaint and the pleadings of record, it is clear that any attempt by Plaintiff to amend would be futile as a matter of law. [1]

In accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2) and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated this 22nd day of July, 2016.    BY THE COURT:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

---

[1] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a District Court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

cc:  **Miriam Anjia Osorio**
    6717 Wilson Street
    West Mifflin, PA 15122

    Counsel of record
    via electronic filing